## MARY JOHNSON *v.* F. P. HALL.

1. MARRIED WOMEN. *Evidence.* *Contracts.* The suit being against the defendant personally, and not as the representative of her husband, plaintiff could testify as to a contract made with the deceased husband.

2. PLEADING AND PRACTICE. *Supplying lost papers.* *Affidavit.* The fact that a party to a suit, instead of the clerk, makes affidavit of loss of papers, is not reversible error.

FROM CROCKETT.

Appeal from the Circuit Court. G. B. BLACK, Judge.

W. F. POSTON for plaintiff.

McFARLAND & BOBBIT for defendant.

DEADERICK, C. J., delivered the opinion of the court.

Hall, in 1870, verbally leased to Mary Johnson's husband some 16½ acres of land, the rent of which was worth about $5 per acre, for six years. Hall, about January, 1876, bought in the remainder of the lease, having then, according to their verbal contract, one year to run. Defendant Mary remained upon and cultivated the land, and near the close of the year 1877, was removing from the land a part of its products, some cotton, when Hall attached it for the rent of the year 1877. Judgment was rendered for Hall and defendant has appealed.

Johnson *v.* Hall.

The suit originated before a justice of the peace, where judgment was rendered for plaintiff, and defendant appealed. While the cause was pending in the circuit court, it was discovered no affidavit for the attachment was on file, and thereupon plaintiff made an affidavit, that such affidavit was made before issuance of the attachment, and stating that it had been lost or mislaid, and could not be found, and exhibiting a copy of the same, and prayed that it might be substituted for the lost one. This was ordered to be done by the court, and exception was taken, because the affidavit of the loss was not made by the clerk of the court, the custodian of the papers. Perhaps it would have more nearly conformed to the literal requirement of the rule in such cases, to have required the clerk's affidavit, but the file of papers was in court, and no doubt the search was made in the presence of the plaintiff and court, and there was, perhaps, no contest over the fact of the absence of the paper, but perhaps some question made as to whether there had been an affidavit filed on the issuance of the attachment. We think there was no reversible error in allowing the substitution of the last affidavit for the one lost. Upon the trial, Hall was allowed to testify as to his contract with Mary Johnson's husband, over her objections. There was no error in this. The suit was against her in her own wrong, not as his representative, and she claimed under his contract, and it was competent for Hall to show there was no foundation for such claim. If the six years' lease was rated, Hall proves he had bought it, and it also

appeared that it had expired before 1877, the year for which rent was claimed as due from her. After her husband's death, Hall desired her to surrender the possession of the land to him; she refused to do so, and cultivated it in 1877, and Hall elected to treat her as his tenant and hold her responsible for rent, which he had a right to do.

The judgment will be affirmed.